**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 25, 2012

Lyle W. Cayce
Clerk

No. 11-20644
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ALVAREZ SANDOVAL, also known as Roberto Sandoval Alvarez,
also known as Roberto Alvarez, also known as Roberto Alvarez-Sandoval,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-305-1

Before HIGGINBOTHAM, OWEN, and, SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Alvarez Sandoval (Alvarez) appeals his sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that the district court erred in assessing criminal history points based on his prior misdemeanor conviction for displaying a fictitious or counterfeit inspection certificate in violation of TEX. TRANSP. CODE ANN. § 548.603(a)(1). Under that section, a person commits an offense if he "displays or causes or permits to be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

displayed an inspection certificate . . . knowing that the certificate is counterfeit, tampered with, altered, fictitious, issued for another vehicle, issued for a vehicle failing to meet all emissions inspection requirements, or [otherwise issued in violation of law]." § 548.603(a)(1). Alvarez was convicted of the offense after being stopped for speeding while driving a car with an inspection sticker issued for a different vehicle.

In determining a defendant's criminal history score, "[s]entences for misdemeanor and petty offenses are counted," except for offenses listed under U.S.S.G. § 4A1.2(c)(1) and "offenses similar to them." *See* § 4A1.2(c)(1). In determining whether a prior offense is "similar" to a listed offense in § 4A1.2(c)(1), this court employs a "common sense approach which relies on all possible factors of similarity." *United States v. Hardeman*, 933 F.2d 278, 281 (5th Cir. 1991).

Alvarez argues that the fictitious inspection certificate offense is similar to the offenses of driving without a license or with an invalid license and giving false information to a police officer, which are listed offenses excludable from a defendant's criminal history under § 4A1.2(c)(1). He acknowledges that we have held that a misdemeanor conviction for violating § 548.603 counts as a conviction for criminal history purposes. *See United States v. Guajardo*, 218 F. App'x 294 (5th Cir. 2007).[1]

To commit the offense of displaying a fictitious or counterfeit inspection certificate, Alvarez had to knowingly display a fictitious or counterfeit certificate or cause or permit such certificate to be displayed. *See* § 548.603(a)(1). The district court did not err in determining that the conviction should be counted in determining his criminal history because displaying a counterfeit inspection certificate requires affirmative and knowing activity and, thus, involves a

---

[1] Although *Gujardo* is not precedential, it is persuasive authority. *See* 5TH CIR. R. 47.5.4.

No. 11-20644

greater level of culpability than the offenses of omission listed in § 4A1.2(c)(1). *See Hardeman*, 933 F.2d at 281.  Accordingly, the district court did not err in assessing criminal history points based on Alvarez's conviction for displaying a fictitious or counterfeit inspection certificate.  *Id.*

AFFIRMED.